**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Eduardo RIVERA, a/k/a Edwardo Ruiz Rivera, Eddie Rivera, Edwards Rioz Rivera, Eddie Ruiz, Edward Ruiz, Edwardo Ruiz Hitman, David Paredes, David Paredez, Eddie Rivero, Eduardo Ruiz Rivera and Edwardo Rivera, Defendant—Appellant.**

No. 04–50607.

D.C. No. CR–04–00126–SVW.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

Before HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

MEMORANDUM**

Eduardo Rivera appeals from a condition of supervised release imposed following his guilty-plea conviction to bank robbery in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ Rivera contends that the district court erred by including a condition of supervised release requiring him to submit to drug testing "as instructed by the probation officer." Because Rivera did not object to this provision at sentencing, we review for plain error. *See United States v. Stephens,* 424 F.3d 876, 879 n. 1 (9th Cir.2005).

■ Rivera has not shown that the error affected his substantial rights and has not shown that it affected the "fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotations omitted). Furthermore, Rivera has another remedy available to him, namely a motion to modify the conditions of supervised release under 18 U.S.C. § 3583(e)(2).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.